IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TAMMY L. CALDER                                                                      PLAINTIFF

v.                                       CIVIL NO. 22-cv-5187

KILOLO KIJAKAZI, Acting Commissioner                                 DEFENDANT
Social Security Administration

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Tammy L. Calder, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for SSI on March 6, 2020, alleging an inability to work since July 1, 2015, due to fibromyalgia, degenerative disc disease, chronic pain, anxiety, and ADHD. (Tr. 11, 215). An administrative hearing was held via telephone on April 20, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 28–54). A vocational expert (VE) also testified.

On June 21, 2021, the ALJ issued an unfavorable decision. (Tr. 8–21). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: fibromyalgia, degenerative disc disease of the lumbar and cervical spine, obesity, ADHD, anxiety disorder, and depressive disorder. (Tr. 13–14). The ALJ found Plaintiff suffered

1

from the non-severe but medically determinable impairments of hypertension, hyperlipidemia, restless leg syndrome and prediabetes. The ALJ found that Plaintiff's migraines were not a medically determinable impairment. (Tr. 14). After reviewing all evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14–16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except: The claimant can occasionally climb ramps, stairs, ladders, ropes, or scaffolds, balance, stoop, kneel, crouch, or crawl. The claimant can occasionally reach overhead bilaterally. The claimant can perform simple, routine, repetitive tasks with few variables and little judgment required. The claimant can tolerate supervision that is simple, direct, and concrete. The claimant can tolerate social interaction that is incidental to the work performed.
> (Tr. 16–22).

With the help of a VE, the ALJ determined that Plaintiff could not perform any of her past relevant work but would be able to perform the requirements of representative occupations such as document preparer; cutter and paster, press clippings; and tube operator. (Tr. 19–21). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from March 6, 2020, through June 21, 2021, the date of her decision. (Tr. 21). Plaintiff requested a review of the hearing decision by the Appeals Council, which was denied on July 7, 2022. (Tr. 1–5). Subsequently, Plaintiff filed this action. (ECF No. 2). This matter is before the undersigned for report and recommendation pursuant to 28 USC §636 (b). Both parties have filed appeal briefs (ECF Nos. 13, 15), and the case is ready for decision.

### I.     Applicable Law:

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than

a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019).  We must affirm the ALJ's decision if the record contains substantial evidence to support it.  *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the ALJ reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## II. Discussion

Plaintiff raises the following issues in this matter: 1) whether the ALJ erred in failing to fully and fairly develop the record; 2) whether the ALJ erred at Step Two by failing to evaluate Plaintiff's primary headache disorder; and 3) whether the ALJ erred in formulating the RFC, as it was unsupported by either treating or examining source evidence. (ECF No. 13).

Of particular concern to the undersigned is the ALJ's failure to address Plaintiff's PTSD at any point in her decision. At the hearing Plaintiff testified that her PTSD affected her in a way that precluded her ability to work in a public work setting. (Tr. 46). Plaintiff was being treated for PTSD at Ozark Guidance from August 5, 2020, through the end of the adjudicative period. (Tr. 799–835). In fact, Plaintiff's PTSD was listed as her primary diagnosis. (Tr. 800). As of April 6, 2021, Plaintiff's PTSD was listed as unstable. (Tr. 803). However, the ALJ does not acknowledge that Plaintiff suffered from PTSD at any point in her decision. (Tr. 8–21).

At step two, the ALJ did not address Plaintiff's PTSD, despite discussing other medically determinable impairments that were found to be nonsevere. (Tr. 13). At step three the ALJ considered listings 12.04, 12.06, and 12.11, which accounted for Plaintiff's depressive disorder, anxiety, and PTSD. (Tr. 14). However, the ALJ did not consider listing 12.15 which covers trauma

and stressor related disorders. In considering Plaintiff's RFC, the ALJ acknowledged that Plaintiff had received treatment for anxiety, depression, and ADHD during the adjudicative period. (Tr. 18). However, the ALJ failed to consider that Plaintiff was also receiving treatment for PTSD during the relevant time period.

While it is not reversible error to fail to find an impairment severe at step two so long as said impairment is considered in the RFC assessment, failure to find an impairment severe at step two and then failing to consider the effect of the impairment on Plaintiff's RFC is reversible error. *See Misty G. v. Berryhill*, 0:18-CV-00587-KMM, 2019 WL 1318355 (D. Minn. Mar. 22, 2019); *Coleman v. Astrue*, No. 4:11CV2131 CDP, 2013 WL 665084, at *10, 20 (E.D. Mo. Feb. 25, 2013) (finding the ALJ's failure to find Coleman's back pain a severe impairment, and then failing to consider the effect of her back pain in combination with her other severe impairments was reversible error).

In the present case, the ALJ did not consider Plaintiff's PTSD as an impairment at step two, under the listings at step three, or in her RFC determination. The ALJ did not provide any reasoning as to why this medically determinable impairment was not considered. The ALJ erred in failing to consider the totality of the evidence and by omitting a medically determinable impairment from the decision entirely. The ALJ's decision is not supported by substantial evidence and requires remand for further consideration.

On remand, the ALJ should consider all of Plaintiff's medically determinable impairments and should address interrogatories to a qualified psychiatrist requesting that said psychiatrist review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's ability to perform basic work

activities on a sustained basis. If the ALJ determines further evidence is necessary to clarify Plaintiff's limitations the ALJ may also order a consultative examination, in which the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### III.    Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of September, 2023

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE