IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVLLE DIVISION

TAMMY L. CALDER                                                    PLAINTIFF

V.                               CASE NO: 5:22-CV-5187

COMMISIONER,
SOCIAL SECURITY ADMINISTRATION                      DEFENDANT

## OPINION AND ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 16) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. The R&R advises the Court to reverse the Administrative Law Judge's ("ALJ") final decision and remand the case back to the Commissioner. The Commissioner filed its Objection to the R&R (Doc. 17), the Court undertook a *de novo* review of the record, and it is now prepared to rule.

The ALJ engages in a five-step evaluation in determining disability. According to the R&R, the ALJ erred by failing to consider Plaintiff Tammy L. Calder's PTSD at Steps Two and Three and when formulating her residual functional capacity ("RFC"). (Doc. 16, pp. 4–6). At Step Two, an ALJ determines whether the claimant has a severe physical and/or mental impairment or combination of impairments. 20 C.F.R. § 416.920. At Step Three, the ALJ must determine whether the impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1—those that do are presumed to be disabling. *Id.* Then, the ALJ must determine the claimant's RFC "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations.'" *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863

(8th Cir. 2000)). It is well established that a "claimant's [RFC] is a medical question" regarding "[her] ability to function in the workplace." *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (quoting *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007)).

The Court must review the case *de novo* to "ensure that there was no legal error and that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citations omitted); *see* 42 U.S.C. § 405(g). Substantial evidence exists when a reasonable mind would accept the evidence as "adequate to support a conclusion." *Id.* (citations omitted). It is incumbent on the ALJ to fully and fairly develop the record to ensure there is "enough evidence to determine the impact of a claimant's impairment on [her] ability to work," and failing to do so is reversible error. *Byes v. Astrue*, 687 F.3d 913, 916 (8th Cir. 2012) (citing *Cox v. Apfel*, 160 F.3d 120, 120910 (8th Cir. 1998)); *see also Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). If the Court determines that the ALJ's decision is supported by substantial evidence on the record as a whole, then it must affirm. *Myers*, 721 F.3d at 524 (citing *Davidson v. Astrue*, 578 F.3d 838, 841 (8th Cir. 2009)). Remand is warranted, however, where "the ALJ's factual findings, considered in light of the record as a whole, are insufficient to permit [the] [c]ourt to conclude that substantial evidence supports the Commissioner's decision." *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008).

Here, the ALJ determined that Ms. Calder retained the RFC to perform sedentary work with various limitations on movement and mental functioning, including: performing simple, routine, and repetitive work with little judgment; tolerating simple, direct, and concrete supervision; and tolerating social interactions that are incidental to the work performed. (Doc. 11, p. 20). Based on the advice of the vocational expert at her hearing,

2

it was determined that Ms. Calder could not perform her prior work, but she could perform other work under Step Five. Accordingly, the ALJ concluded that Ms. Calder was not disabled for purposes of Social Security.

The R&R found the "ALJ's decision [was] not supported by substantial evidence and require[d] remand for further consideration" because the ALJ: (a) did not address Ms. Calder's PTSD at Step Two; (b) did not identify Listing 12.15 for trauma- and stressor-related disorders at Step Three; and (c) did not take Ms. Calder's PTSD into account when formulating the RFC. (Doc. 16, pp. 4-5). The R&R noted specific concern with the ALJ's failure to address Ms. Calder's PTSD in light of her testimony that "her PTSD affected her in a way that precluded her ability to work in a public work setting," *id.* at p. 4 (citing Doc. 11, p. 50), and her treatment records for PTSD from August 2020 through the end of the adjudicative period by Ozark Guidance, in which PTSD was noted as her "primary diagnosis" and as "unstable" as of April 2021,[1] *id.* (citing Doc 11, pp. 803–39). The R&R found reversible error because the ALJ failed to find Ms. Calder's PTSD severe at Step Two *and* failed to consider it in the RFC assessment. *Id.* at p. 5 (citing *Misty G. v. Berryhill*, 2019 WL 1318355 (D. Minn. Mar. 22, 2019) and *Coleman v. Astrue*, 2013 WL 665084, at *10, 20 (E.D. Mo. Feb. 25, 2013)). On remand, the R&R instructs the ALJ to

> consider all of Plaintiff's medically determinable impairments and [ ] address interrogatories to a qualified psychiatrist requesting that said psychiatrist review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment . . . .

*Id.* at pp. 5–6.

---

[1] The R&R states that Ms. Calder's PTSD was listed as unstable on April 6, 2021, but the page cited in the record shows a date of April 30, 2021. *See* Doc. 16, p. 4; Doc. 11, p. 807.

3

The Commissioner contends that the language in the decision indicates that the ALJ considered Ms. Calder's PTSD. That is, despite "the ALJ [ ] not specifically list[ing] PTSD as a severe or non[-]severe medical impairment, the ALJ thoroughly evaluated Plaintiff's mental impairments and determined that they included ADHD, anxiety disorder, and depressive disorder." (Doc. 17, p. 2) (citing Doc. 11, p. 17). Because "regardless of specific diagnosis or characterization" of Ms. Calder's mental impairments, the "ALJ considered the[ir] combined effect" and "determined that Plaintiff experienced mild to moderate limitations." *Id.* (citing Doc. 11, pp. 19–20). Specifically, the Commissioner points out that the ALJ considered "the treatment records from Ozark Guidance," "including records that indicated a diagnosis of PTSD" along with many objective indicators of Ms. Calder's ability to function. *Id.* (citations to transcript omitted). Lastly, the Commissioner objects to the R&R's direction that the ALJ obtain interrogatories from a qualified psychiatrist regarding the RFC because the RFC is an administrative determination that need only be supported by medical evidence, not medical opinion. *Id.* at p. 3 (citing, *inter alia*, *Hensley*, 829 F.3d at 932).

Contrary to the Commissioner's suggestion in its Objection, this case is not about nit picking or perceived inconsistencies with the ALJ's determination. *See* Doc. 17, p. 3 (citing *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018)). Rather, it is about the ALJ's complete omission of Ms. Calder's primary mental health diagnosis—from any part of the decision. The Commissioner does not cite to, and the Court was unable to find, any cases in which an ALJ's utter silence on a medically determinable impairment at Steps Two and Three and the RFC formulation did not result in reversal and remand. Though the Commissioner points to certain statements as evincing consideration of Ms. Calder's

4

PTSD, this Court is not persuaded. In fact, the ALJ's decision indicates that her PTSD was not considered at any stage—to find otherwise would be presumptuous speculation by the Court. *See Weeks v. Colvin*, 2015 WL 5306183, at *10 (E.D. Mo. Sept. 10, 2015) ("Although the ALJ may have considered and for valid reasons rejected evidence of plaintiff's sleep disorder, her decision is nevertheless silent in this regard. As such, this Court would be left to speculate as to whether any rejection of this evidence would be supported by substantial evidence on the record as a whole. This the Court cannot do." (citing *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir.1995))).

Starting with the RFC, neither the PTSD diagnosis nor its alleged effects were discussed—or even mentioned—in its formulation. The ALJ's statements in her RFC determination—that she considered the combined effects of Ms. Calder's mental impairments or that "the claimant required outpatient mental health treatment from Ozark Guidance," *see* Doc. 11, pp. 20–21—are insufficient to demonstrate that the ALJ considered her PTSD. Not only must the RFC be based on all relevant evidence, *Myers*, 721 F.3d at 527, it must take into account "*all* of [the claimant's] medically determinable impairments of which [the Commission is] aware," whether severe or not. 20 C.F.R. § 416.945 (emphasis added). There is no indication that the ALJ did so here.

Next, the ALJ's omission of PTSD in Step Two—as noted by the Magistrate Judge—further evidences that the ALJ failed to consider it in the decision. Though the ALJ categorized Ms. Calder's other mental health conditions—anxiety, depression, and ADHD—as severe, PTSD received no mention at all. (Doc. 11, p. 17).

At Step Three, the ALJ again made no mention of her PTSD. The specifically cited listings that the ALJ considered deal with "Depressive, bipolar and related disorders"

5

(12.04), "Anxiety and obsessive-compulsive disorders" (12.06), and "Neurodevelopmental disorders" (12.11). 20 C.F.R. P. 404, Subpt. P, App., 1 §§ 12.04, 12.06, 12.11. The ALJ failed to identify or discuss Listing 12.15, which deals with "Trauma- and stressor-related disorders." *Id.* at § 12.15. To be sure, the failure to address a listing is not, alone, reversible error. *See Brown*, 825 F.3d at 940 ("[A]n ALJ's failure to identify and analyze the appropriate listing, although error, may not by itself require reversal so long as the record otherwise supports the ALJ's overall conclusion."). However, it reinforces this Court's finding that the ALJ's report omitted the PTSD impairment, rather than considered it without mention, as the Commissioner maintains.

Additionally, the ALJ's conclusion that Ms. Calder did not satisfy the "paragraph B" criteria—in part because she was only *mildly* limited in her ability to "interact with others" and "adapt and manage oneself"—mentioned only the mental impairments of anxiety and depression, including that her anxiety was "well-controlled." (Doc. 11, p. 19). However, the evidence suggests that Ms. Calder's PTSD may further limit her ability here, suggesting that the ALJ's conclusion may not be supported by substantial evidence. *See id.* at pp. 806–07 (treatment notes that her PTSD was "unstable" and she was experiencing a "recent exacerbation in PTSD symptoms"); *id.* at p. 50 (testifying that PTSD precludes her from working in a public setting). Again, this exclusion suggests that her PTSD was not considered in the RFC. *See id.* at p. 20 (ALJ stating that the RFC "reflects the degree of limitation the [ALJ] has found in the 'paragraph B' mental function analysis.").

Due to the ALJ's failure to even mention Ms. Calder's PTSD, the Court is unable to determine whether the Step Two, Step Three, and RFC determinations were

6

"supported by substantial evidence on the record as a whole." See *Brown*, 825 F.3d at 939. Thus, the ALJ's decision must be reversed, and the case remanded. *C.f. Scott*, 529 F.3d at 824–25 (reversing and remanding the case because the ALJ failed to address inconsistencies in the record, leaving the court "unable to determine whether substantial evidence support[ed] the ALJ's finding . . . . [and the court's] review of the record le[d] [it] to seriously question whether the ALJ satisfied his duty to evaluate the *entire* record" (emphasis in original)).

On remand, the ALJ is directed to fully and fairly develop the record as is necessary to ensure the decision is supported by substantial evidence. See *Snead*, 360 F.3d at 838 ("Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case."). This Court will not mandate the ALJ obtain interrogatories from a psychiatrist regarding the RFC, but it does order the ALJ to fully and fairly develop the record such that the RFC is sufficiently supported by medical evidence, and it advises the ALJ to heed the Magistrate Judge's direction where appropriate and necessary to fulfill this duty.

Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's Objections (Doc. 17) are **OVERRULED IN PART** and **SUSTAINED IN PART**. The R&R (Doc. 16) is otherwise **ADOPTED IN FULL**, and the decision of the ALJ is **REVERSED AND REMANDED** for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED** on this 25th day of March, 2024.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE